

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. 0-2029
Re: When a trustee is appointed to
the San Angelo Independent School
District Board to fill a vacancy
created by the resignation of a
member, for what term is such
trustee appointed?

We are in receipt of your letter of March 2, 1940,
in which you submit the following questions to this department
for our opinion:

"1. When a trustee is appointed to the
San Angelo Independent School District Board
to fill a vacancy created by the resignation
of a member, for what term is such trustee ap-
pointed, for the unexpired term of the resign-
ing member or until the next regular election
of trustees?

"2. If such appointed trustee is up for
election at the next regular election date, would
it be for election to serve for the unexpired
term or for a full four year term?

"3. When is the final date for filing, and
what are the necessary requirements to secure a
name on the ballot for School Trustee in the
San Angelo Independent School District?"

The San Angelo Independent School District is govern-
ed in part under the provisions of Article 2783(a), Vernon's
Texas Civil Statutes, being Chapter 203, page 674, Acts 1929,
41st Legislature, and it was ruled in our Opinion No. 0-548,

Honorable Ralph Logan, Page 2

dated March 27, 1939, that provisions in said statute control independent school districts formed under the authority of that Act when its provisions differ from those of the general laws. Section 6 of Article 2783(b) provides in part as follows:

".  .  . provided further, that in case of a vacancy or resignation of a member of the board of trustees the vacancy shall be filled for the unexpired term by appointment made by the board of trustees."

No question is raised as to the clearness of the language used in this statute, but it is suggested that the above quoted provision may be in violation of the last sentence of Section 12 of Article 4 of the Texas Constitution. This section of the Constitution is found under the Article entitled "Executive Department" and reads as follows:

"Section 12. All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

An examination of the various codifications of the laws of Texas discloses that similar provisions were contained in statutes relating to filling vacancies in elective school boards in the Revised Statutes of 1895 and 1911. Many of the present school statutes in the Revised Civil Statutes, 1925, as amended, contain such provisions. Articles 2740(b), Section 4; 2745; 2774, Sections 3 and 4; 2777; 2777(a); and 2777(b).

Honorable Ralph Logan, Page 3

The last sentence of Section 12, Article 4 of the Texas Constitution if segregated and considered separate and apart from the accompanying context in which it is found, might be reasonably considered as applicable to any and every type and character of office within this State which is filled by the people in an election. If considered, however, in connection with the remainder of Section 12, such construction does not necessarily follow and it may reasonably be construed as having reference to the kind of office thereinabove mentioned, and not intended to apply to school trustees who have been held to be county officers.

In response to a request by Hon. L. A. Woods, State Superintendent of Public Instruction, this department rendered an opinion March 9, 1933, approved by Bruce W. Bryant, First Assistant Attorney General, Letter Opinion Book 344, page 303, in which it was held that Section 12 of Article 4 does not apply to vacancies in elective school boards and that a provision similar to that contained in Article 2763(b) was not in contravention of Section 12, Article 4 of the Constitution of Texas. We have heretofore forwarded you a copy of that opinion.

We do not find any provision in Article 2783(b) which specifies the date for filing and the procedure to be followed in placing a name upon the ballot for school trustee in school districts of the particular class affected by said statute. We assume that the San Angelo Independent School District has a scholastic population in excess of 500 and would therefore not be controlled by Article 2746(a), Vernon's Texas Civil Statutes. Article 2776, which provides that the board of trustees of an independent school district shall order the election and which provides for the matter of holding such election, does not contain any provision designating the final filing date or any particular requirement for having a name placed upon the ballot. We have also examined the general election laws and find no provision which would appear to be applicable.

We are informed by the Department of Education that it is a construction and practice of long standing in these larger independent school districts, for candidates to file their names with the Secretary of the school board, requesting that they be placed upon the ballot and that the school board under the general powers vested in said board, enters an appropriate order fixing the final date

Honorable Ralph Logan, Page 4

within which filings may be made. We are of the opinion that this authority may be reasonably implied from the general power vested in the board.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:GO   APPROVED APR 11, 1940

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY Burs